J. B. WILDER & CO. *v.* JOHN ALLGOOD.

Fraudulent Assignment of Stock—Allegations in Petition—Prior Lien.

In the absence of allegations or proof, of the existence of the debts sued on, nor the improper motive, fraudulent design, or failure of consideration, an assignment of stocks, though the title did not pass, will not be disturbed. The assignee would have a prior lien thereon.

APPEAL FROM MARION CIRCUIT COURT.

February 9, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The alleged assignment of the three shares of stock in the Louisville & Nashville railroad company to appellee purports to have been made and bears date prior to the date of the judgments of appellants, and it is not alleged in any of the petitions that it was ante-dated, nor that their debts for which said judgments were rendered, were in existence before said assignment was made, it is not averred that it was made with any improper motive, or fraudulent design, nor without consideration; the assignment is in the hand writing of the decedent— And although the legal title to the stock did not pass thereby still appellee acquired an equitable right which is prior in time, and must prevail over appellants.

Wherefore the judgment is *affirmed.*

*Lisle, for appellants.*

*Lewis, Ro & Fo, for appellee.*